**ORIGINAL**

| B 104 (Rev.8/99) | **ADVERSARY PROCEEDING SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (For Court Use Only) |
|---|---|---|

| PLAINTIFFS<br>C.J. CORPORATION dba CRESCENT JEWELERS<br><br>Address<br>315 Eleventh Street<br>Oakland, CA 94607 | DEFENDANTS<br>GARY DAVID WHITE<br>Case # : 01-90349-PBAD<br>Name  : C.J. CORP VS. WHITE<br>Judge : PETER BOWIE<br>Chapter: AD<br>Filed : August 29, 2001 14:01:07<br>Deputy: CROSBY<br>Receipt#: 154708<br>Amount : $150.00<br><br>Address<br>1891 Lassen<br>San Diego, CA |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone Number)<br>John Mark Jennings<br>Ronald S. Hodges, Esq.<br>MARSHACK SHULMAN HODGES & BASTIAN LLP<br>26632 Towne Centre Drive, Suite 300<br>Foothill Ranch, CA 92610-2808<br>(949) 340-340 | ATTORNEYS (if known)<br>Robert L. Gordon<br>2655 Camino Del Rio N. Suite 430<br>San Diego, CA 92108<br><br>(619) 260-2626 |
|---|---|

PARTY (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☒ 3 U.S. NOT A PARTY

CAUSE OF ACTION (Write a brief statement of cause of action, including all U.S. statutes involved)
Complaint to Determine Nondischargeability of Debt for Conversion and for Entry of Judgment for Money [11 U.S.C. Section 523(a)(6) & Section 523(a)(2)(c)]

**NATURE OF SUIT**
(Check the one most appropriate box only)

☐ 454 To recover money or property
☐ 435 To determine validity, priority, or extent of a lien or other interest in property
☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424 To object or to revoke a discharge 11 U.S.C. §727

☐ 455 To revoke an order of confirmation of a Chapter 11 or Chapter 13 Plan
☒ 426 To determine the dischargeability of a debt 11 U.S.C. §523
☐ 434 To obtain an injunction or other equitable relief
☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a Plan

☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
☐ 459 To determine a claim or cause of action removed to a bankruptcy court
☐ 498 Other (specify)

| ORIGIN OF PROCEEDINGS (Check one box only) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND<br>$ 6 | OTHER RELIEF SOUGHT | | ☐ JURY DEMAND |
|---|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>Gary David White | BANKRUPTCY CASE NUMBER:<br>01-05868-PB | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Southern | DIVISIONAL OFFICE<br>San Diego | NAME OF JUDGE<br>Peter Bowie |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NUMBER: |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only) | ☒ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|
| DATE<br>08/24/01 | PRINT NAME<br>John Mark Jennings | SIGNATURE OF ATTORNEY FOR PLAINTIFF | |

B104

**ORIGINAL**

Ronald S. Hodges - Bar No. 150586
John Mark Jennings - Bar No. 192641
**MARSHACK SHULMAN HODGES & BASTIAN LLP**
26632 Towne Centre Drive, Suite 300
Foothill Ranch, California 92610-2808
Telephone (949) 340-3400
Facsimile (949) 340-3000

Attorneys for Secured Creditor
C.J. Corporation

```
Case # : 01-90349-PBAD
Name   : C.J. CORP VS. WHITE
Judge  : PETER BOWIE
Chapter: AD
-----------------------------------
Filed  : August 29, 2001  14:01:07
Deputy : A CROSBY
Receipt: 154708
Amount : $150.00
-----------------------------------
```

ASSIGNED TO
JUDGE PETER W. BOWIE

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**GARY DAVID WHITE,**<br><br>Debtor.<br>_____<br><br>**C.J. CORPORATION dba CRESCENT JEWELERS,**<br><br>Plaintiff,<br><br>vs.<br><br>**GARY DAVID WHITE,**<br><br>Defendant.<br>_____ | Case No. 01-05868-PB<br><br>Adv. Case No.<br>Chapter 7  **01-90349**<br><br>**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT FOR CONVERSION AND FOR ENTRY OF JUDGMENT FOR MONEY [11 U.S.C. § 523(a)(6) & §523(a)(2)(c)]**<br><br>[No Hearing Set] |

Plaintiff, C.J. Corporation dba Crescent Jewelers (the "Plaintiff"), hereby respectfully alleges and asserts as follows:

### JURISDICTION

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Southern District of California, entitled In re Gary David White, Case Number 01-05868-PB.

///

2.The within action is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(I) and is brought pursuant to 11 U.S.C. § 523(a)(6) to determine the dischargeability of a debt owing from Defendant, Gary David White (referred to herein as the "Defendant") to Plaintiff and to except such debt from the Defendant's discharge in the above-entitled bankruptcy proceeding now pending before this Court.

3.The venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1409(a).

## GENERAL ALLEGATIONS

4.On or about May 31, 2001, the Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Court and an order for relief has been entered.

5.Plaintiff is listed as a creditor on the Defendant's schedules which were filed in connection with the petition herein.

6.Plaintiff is informed and believes and thereon alleges that Defendant is, and at all times relevant hereto, residing at 1891 Lassen Street, San Diego, California 92139.

## FIRST CLAIM FOR RELIEF
## [11 U.S.C. § 523(a)(6)]

7.Plaintiff incorporates paragraphs 1 through 6 of the Complaint as though set forth in full herein.

8.On or about April 13, 2000, Defendant opened a retail installment charge account, account number 23202001352, with the Plaintiff and purchased the following personal property:

| Stock Number | Description of Merchandise | Purchase Price |
|---|---|---|
| 456699 | 10K 20" Hollow Fig Chain | $399.00 |
| 53694 | Gentleman's 3 Diamond ring | $99.00 |

///

///

9.    On or about November 3, 2000, Defendant made additional purchases which were consolidated with his existing account balance as follows:

| Stock Number | Description of Merchandise | Purchase Price |
|---|---|---|
| 650390 | Fancy Ring | $1,299.00 |

10.    On May 1, 2001, according to Debtor's Statement of Financial Affairs, Debtor retained the services of Robert L. Gordon for the purposes of filing Debtor's Chapter 7 Bankruptcy.

11.    Unbelievably on the same date that the Defendant retained bankruptcy counsel, Defendant returned the above-referenced ring to Plaintiff at 7:22 p.m. and made additional purchases which were consolidated with his existing account as follows:

| Stock Number | Description of Merchandise | Purchase Price |
|---|---|---|
| 650390 - Return | Fancy Ring | -$1,299.00 |
| 577932 | Anniversary Ring | $499.00 |
| 650622 | Ladies Ring 1.5CT | $4,299.00 |

12.    A true and correct copy of the Retail Installment Contract dated April 13, 2000, (referred to herein as the "Security Agreement") is attached hereto as **Exhibit "1"** and incorporated herein by this reference.

13.    A true and correct copy of the Retail Installment Contract dated November 3, 2000 (referred to herein as the "Security Agreement") is attached hereto as **Exhibit "2"** and incorporated herein by this reference.

14.    A true and correct copy of the Retail Installment Contract dated May 1, 2001 (referred to herein as the "Security Agreement") is attached hereto as **Exhibit "3"** and incorporated herein by this reference.

15.    The Security Agreements provide that the Plaintiff shall have a security interest in the personal property being purchased and the personal property purchased

1  under previous contracts.

2  16.  The Security Agreements further provide that if there is a default in the performance of any of the obligations thereunder, the Plaintiff may request possession of the property and/or Plaintiff may, with or without notice, repossess the personal property.

3  17.  Plaintiff has performed all the conditions and promises required of it under the terms and conditions of the Security Agreements.

4  18.  On or about June 1, 2001, Defendant defaulted under the terms and conditions of the Security Agreements by failing to make the monthly payments required thereunder.

5  19.  As of the date of said default, there was due and owing to the Plaintiff under the Security Agreements the principal sum of six thousand three hundred and fifteen dollars and sixty four cents ($6,315.64).

6  20.  Due to the default under the Security Agreements, the Plaintiff is entitled to the immediate possession of said personal property and has made a demand for its return.

7  21.  Plaintiff is informed and believes and thereon alleges that Defendant has willfully and maliciously injured or converted the personal property by:

   a.  Retaining possession of and exercising dominion and control (to the exclusion of the Plaintiff) over said personal property after the Plaintiff made its demand to turn over possession of the personal property; and

   b.  Transferring possession of said personal property to a party or parties, unknown to the Plaintiff, without authority or permission of Plaintiff.

### SECOND CLAIM FOR RELIEF
### [11 U.S.C. § 523(a)(2)(c)]

22.  Plaintiff incorporates paragraphs 1 through 18 of the Complaint as though set forth in full herein.

///

23. On or about May 31, 2001, the Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Court and an order for relief has been entered.

24. On or about April 13, 2000, Defendant opened a retail installment charge account, account number 23202001352, with the Plaintiff and made purchases totaling five hundred and forty six dollars and sixty cents ($546.60).

25. On or about November 3, 2000, Defendant made additional purchases which were consolidated with his existing account balance. The total purchases amounted to one thousand two hundred and ninety-nine dollars ($1,299.00).

26. On or about May 1, 2001, Defendant made additional purchases which were consolidated with his existing account balance. The total purchases amounted to three thousand four hundred and ninety-nine dollars ($3,499.00).

27. Said purchases were made within sixty (60) days prior to the filing of the Debtors' voluntary petition.

28. The goods purchased, jewelry, constitute "luxury goods."

29. As this debt is owed to a single creditor, CJ, and is for more than $1,075 for "luxury goods or services," incurred by an individual debtor, on or within 60 days before the order for relief under title 523(a) it is presumed to be nondischargeable.

**WHEREFORE,** the Plaintiff prays for judgment against Defendant as follows:

## ON ALL CLAIMS FOR RELIEF

1. For judgment in favor of Plaintiff and against Defendant for the sum of six thousand three hundred and fifteen dollars and sixty four cents ($6,315.64), plus interest at the rate of 20.9% per annum from and after June 1, 2001, until the date of judgment;

2. For a determination that the debt due and owing from Defendant to Plaintiff is nondischargeable;

3. For all sums expended by Plaintiff in attempting to obtain possession of the personal property including reasonable attorney's fees and costs; and

1    4.    For such other and further relief as the Court may deem proper.

**MARSHACK SHULMAN HODGES & BASTIAN LLP**

Dated: August __, 2001   By: _____
Ronald S. Hodges
John Mark Jennings
Attorneys for C.J. Corporation
dba Crescent Jewelers

# SECURITY AGREEMENT — Retail Installment Co

| BUYER ADDRESS | | SOLD BY: | NO: 23-2- |
|---|---|---|---|
| GARY D WHITE<br>6454 AKINS AVE<br>SAN DIEGO CA 92114 | 619/462-8859<br>ACCT. NO.<br>2320200135? | | PHONE NO. 619-266-4991<br>CREDIT APPROVAL EY31KGL0 |

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale |
|---|---|---|---|---|
| 20.0% | $56.59 | | | |

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| | 65.00<br>55.12 | MONTHLY BEGINNING 05/15/00<br>02/10/01 |

**SECURITY:** You are giving a security interest in:
[ ] the goods being purchased. [ ] the goods purchased under previous contract(s) with seller.

**LATE CHARGE:** If a payment is at least 10 days late, you will be charged up to $10.00. If a payment is at least 15 days late, you will be charged up to $15.00. You will only be charged one late fee per late installment.

**PREPAYMENT:** If you pay off early you may be entitled to a rebate of part of the Finance Charge.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment rebate penalties.

Buyer (meaning all persons who sign this contract as Buyer or Co-Buyer, jointly and severally) having been quoted both the cash price shown below and a deferred payment price hereby agrees to purchase from Seller, on a deferred payment price basis, under the terms stated on the face and back hereof and, if a charge therefore is shown below, in the and/or gold warranty service agreement attached hereto and incorporated by reference herein, received and accepted in its present condition, the following:

| QUANTITY | STOCK NUMBER | DESCRIPTION | LIST PRICE | TRADE IN VALUE |
|---|---|---|---|---|
| 1 | 945... | 10K 20" HOLLOW FIG CHAIN | 759.00 | |
| 1 | 83... | GTS 3 DIA .025TW HI/I10KT RG | 395.00 | |
| | | | | |
| | | TOTALS | 0.00 | |

**Statement of Insurance (California)**

Credit Life insurance will pay the outstanding balance of Buyer's indebtedness in the event of the death of the insured; credit disability insurance will pay installments payable while the insured is disabled; property insurance will pay the replacement cost of goods purchased hereunder in the event of their loss.

Neither credit life, nor credit disability, nor property insurance is required. If such insurance is purchased, you may obtain such insurance from anyone you want that is acceptable to Seller. No insurance coverage is provided unless its box is checked, charged, and therefore noted below and under 2a at right. All insurance is for the term of the loan. Said insurance will be procured by Seller and will expire on the due date of final installment.

**Coverage**
| | term | premium |
|---|---|---|
| [ ] I desire [ ] I do not desire | | |
| [X] Credit Life Insurance | ___ mos. | $ 2.15 |
| [X] Credit Disability Insurance | ___ mos. | $ 13.78 |
| [X] Property Insurance | ___ mos. | $ 20.99 |
| | | 0.00 |

TOTAL OF PREMIUMS for Insurance Coverage
Financed for Buyer (Insert in item 2a) $ 36.93

**Application of Buyer**
You are applying for the insurance marked above. Your signature below means that you agree that:
1. You are not eligible to enroll for either credit life or credit disability insurance if you have reached your 65th birthday.
2. You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the coverage Effective Date.
3. Your co-borrower is not eligible for life nor disability insurance.
4. You want to purchase the above checked insurance and you received a copy of the insurance policy.

Date ___ Primary Buyer's Signature ___ Date of Birth 5-3-74
X _____

Security interest has been granted to Bank of America, N.A. as collateral agent in all of Crescent Jewelers rights title and interest hereunder.

**ITEMIZATION OF THE AMOUNT FINANCED**
1. CASH PRICE AND TAX
   a. Merchandise Price $ 498.00
   b. Diamond Warranty $ 20.00
   c. Gold Warranty $ 40.00
   d. Other Services $ 0.00
   e. Total Merchandise and Services $
   f. Sales Tax $ 38.60
   g. TOTAL CASH PRICE $
2. AMOUNT PAID TO OTHERS ON YOUR BEHALF
   a. Insurance Premiums $ 36.93
   b. TOTAL AMOUNT PAID TO OTHERS ON YOUR BEHALF $
3. SUBTOTAL (1g + 2b) $
4. DOWNPAYMENT AND TRADE-IN
   a. Cash Downpayment $ 50.00
   Trade-In Description/Value KGLG01
   _____ $
   _____ $
   b. Total Trade-In Value $ 0.00
   c. Sales Tax Credit $ 0.00
   d. TOTAL DOWNPAYMENT AND TRADE-IN (4a + 4b + 4c) $
5. UNPAID BALANCE OF THIS PURCHASE (3 - 4d)
6. EXISTING ACCOUNT BALANCE
   a. Outstanding Balance to be Consolidated $ 0.00
   b. Rebate of Unearned Finance Charge $ 0.00
   c. Rebate of Unearned Insurance Premiums $ 0.00
   d. Rebate of Diamond Warranty $
   e. Rebate of Gold Warranty $
   f. NET ACCOUNT BALANCE TO BE CONSOLIDATED (6a - 6b - 6c - 6d - 6e) $
7. UNPAID BALANCE/AMOUNT FINANCED/PRINCIPAL BALANCE (5 + 6f)
8. FINANCE CHARGE
   a. Interest $
   b. Origination fee $
9. TIME BALANCE (TOTAL OF PAYMENTS) $
10. The Time Balance (total of payments) is payable in 9 installments of $ 65.00 each, payable on the 15 day of each commencing on 05/15/2000 and a final installment of $ 55.12 payable on 02/10/2001

**NOTICE TO THE BUYER:** (1) Do not sign this Agreement before you read it or if it contains any blank spaces to be filled, except as to information are left blank. (2) You are entitled to a completely filled in copy of this Agreement. (3) You can prepay the full amount due Agreement at any time and obtain a partial refund of the finance charge (if greater than $1.00). Because of the way the amount of the refund figured, the time when you prepay could increase the ultimate cost of credit under this Agreement. If you desire to pay off in advance the full due, the amount of refund you are entitled to, if any, will be furnished on request. (4) The Service Charge does not exceed 21% per annum monthly. (5) BUYER ACKNOWLEDGES RECEIPT OF A TRUE COPY OF THIS AGREEMENT, WHICH HAS BEEN COMPLETELY IN PRIOR TO THE BUYER'S EXECUTION HEREOF, AND ALSO A TRUE COPY OF ANY DOCUMENTS SIGNED BY THE BU REQUESTED OR REQUIRED BY THE SELLER, DURING THE AGREEMENT NEGOTIATIONS.

BUYER'S SIGNATURE X _____
I RECEIVED A COPY OF THE DIAMOND AND/OR GOLD WARRANTY TERMS AND CONDITIONS

BUYER'S SIGNATURE X _____ DATE
NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION

EXHIBIT 1 PAGE 7

NOTE: SEE OTHER SIDE FOR IMPORTANT INFORMATION

## NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT AGREEMENT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE BUYER COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF, RECOVERY HEREUNDER BY THE BUYER SHALL NOT EXCEED AMOUNTS PAID BY THE BUYER HEREUNDER.

**1. DEFAULT:** If any payment is not paid when due, Seller will charge a late charge disclosed on the reverse hereof. No such charges will be collected more than once on any installment. If Buyer defaults in the performance of his obligations hereunder, including the making of any payment provided herein, when due and payable, the Seller, at its option and without notice to Buyer, may declare the whole amount unpaid hereunder immediately due and payable and, as and to the extent permitted or provided by law, (A) sue and obtain judgment against Buyer for the balance remaining unpaid hereunder, together with court costs and reasonable attorney's fees, (including attorney's fees on any appeal from any judgment or order), (B) retake the goods which are collateral under this Agreement with or without prior demand or legal process and wherever they may be located and either keep them in satisfaction of the balance due or sell them as provided below, (C) exercise any and all other rights and remedies provided for herein and by law.

**2. REBATE FOR PRE-PAYMENT:** Upon prepayment in full or satisfaction of the indebtedness created hereby prior to maturity through sale of the collateral or redemption thereof after repossession or any judgment, Buyer is entitled to a rebate of the unearned portion of any insurance premium indicated on the reverse hereof, if this insurance was purchased from the Seller.

(Arizona, Texas, New Mexico) and a rebate or refund credit of the unearned portion of the FINANCE CHARGE determined in accordance with applicable law.

(California, Washington) and to rebate or refund credit of the unearned portion of the FINANCE CHARGE determined by the Rule of 78's. Where the amount of the rebate is less than one dollar ($1.00) no refund will be made.

(Nevada) and to a refund of the unearned portion of the FINANCE CHARGE determined in accordance with applicable law. However, if the Agreement has been in default for more than two months, you will not be entitled to any refund.

(Oregon) and to a rebate or refund credit of the unearned portion of the FINANCE CHARGE determined in accordance with applicable law. However, if the contract has been in default for more than two months, you will not be entitled to any rebate. Where the amount of the rebate is less than one dollar ($1.00) no rebate or refund need be made.

**3. SECURITY INTEREST:** Seller retains title to and a security interest in the goods purchased from Seller pursuant to this agreement, all rebates from insurance premiums or policies provided for in this agreement, and all proceeds of the foregoing, until all Buyer's obligations under this agreement are paid and performed.

**4. SUBSEQUENT PURCHASES:** Seller at its option may add subsequent purchases made by Buyer to the terms of this Agreement. The unpaid balance under this Agreement shall be increased by the price of such subsequent purchases, and all FINANCE CHARGES and installment payments shall be increased proportionately. All terms and conditions hereof shall apply equally to such subsequent purchases. The goods purchased under this Agreement shall be security for the goods purchased under the subsequent Agreement but only until such time as the total of payments under this Agreement is fully paid. The terms of this Agreement shall be applicable to subsequent purchases made by Buyer from time to time.

**5.** No transfer, renewal, extension or assignment of this Agreement, nor any loss or destruction of or injury to any of said goods shall release Buyer from his or her obligation hereunder. Buyer shall keep said goods free of all liens, taxes and encumbrances. Commencement of suit or the obtaining of judgment for all or any portion of the unpaid balance due hereunder shall not pass title to said goods to Buyer, title being retained by Seller or Seller's assignee until this Agreement, or a judgment for the unpaid balance due hereunder and all accrued costs and expenses are paid in full.

**6.** If the Buyer defaults in his or her obligations hereunder, including making payments, when due and payable, seller at its options may (1) commence an action to recover the unpaid balance, including finance charges, together with all costs and expenses of suit, including reasonable attorney's fees and expenses for trial or appeal; or (2) repossess the goods subject to the security interest and resell them after notice to the buyer. The proceeds of sale will be applied to all costs of retaking and sale (including repair, reconditioning and preparation) and the balance applied to the unpaid principal balance. If any check delivered by buyer in payment of its obligations is returned unpaid then seller may charge buyer a return check charge of $15.

**7.** This Agreement embodies the whole agreement between these parties, and Buyer agrees that no representation, warranty or guaranty has been made to him or her which is not expressly set forth herein. The term "Seller" shall be deemed to include any assignee or subsequent holder of this Agreement and all rights and benefits accruing to Seller under the terms hereof shall also accrue to Seller's assignee or any subsequent assignees. Waiver of any default shall not be a waiver of any other default.

**8.** Time is of the essence in connection with this Agreement, and all terms and designations herein contained shall be deemed to have the number, gender and entity applicable to the parties who execute this Agreement. If any part or provision hereof is contrary to the provision of law in any state wherein this Agreement may be executed, the remaining provisions shall be binding and effective nevertheless.

**9.** Buyer agrees that said goods, when not worn on Buyer's person, shall be kept and/or installed on or in the premises above described and shall not be removed therefrom without the written consent of Seller and that Buyer shall not transfer any interest in this Agreement or in said goods and shall not make any material change therein without Seller's consent.

**10. RETURN POLICY:** NO RETURNS after 30 days. Returns of merchandise within 30 days will not be accepted if the merchandise was specially ordered, altered, or damaged. Returns within 30 days must also be in their original packaging.

**11.** This Agreement shall be construed in accordance with and governed by the laws of the state of the Seller's address as shown on the reverse side hereof.

EXHIBIT 1 PAGE 8

# CALIFORNIA SECURITY AGREEMENT

| BUYER NAME & ADDRESS | SOLD BY: | NO: |
|---|---|---|
| GARY J WHITE<br>9220 KENWOOD DR<br>K<br>ANNAPING VALLEY CA 91___ ___202001352 | Crescent Jwl. - Park<br>El Cajon   CA 92020<br>6AC7A02-8859 | PHONE NO.<br>CREDIT APPROVAL |

| ANNUAL PERCENTAGE RATE<br>the cost of your credit as a yearly rate | FINANCE CHARGE<br>the dollar amount your credit will cost you | Amount Financed<br>the amount of credit provided to you or on your behalf | Total of Payments<br>the amount you will have paid after you have made all payments as scheduled | Total<br>the total on credit, down pay |
|---|---|---|---|---|
| 21.90% | $ 328.82 | $ | $ | $ |

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| 17 | 119.00<br>114.08 | MONTHLY BEGINNING 12/03/00<br>04/28/02 |

**SECURITY:** You are giving a security interest in:
[X] the goods being purchased.        [ ] the goods purchased under previous contract(s) with Seller.

**LATE CHARGE:** If a payment is at least 10 days late, you will be charged up to $10.00. If a payment is at least 15 days late, you will be charged up
You will only be charged one late fee per late installment.
**PREPAYMENT:** If you pay off early you may be entitled to a rebate of part of the Finance Charge.
See your contract documents for any additional information about nonpayment, default, the right to accelerate the maturity of the debt, and prepayment refund

All persons who sign this Agreement as Buyer or Co-Buyer, jointly and severally ("Buyer"), acknowledge that Buyer has been quoted the cash price and the price of cr
Buyer agrees to purchase from and to pay to Crescent Jewelers, Inc. ("Seller") the amount shown under Total Sale Price above. Such agreement to pay to Seller is under
the face and back of this Agreement, as well as on the terms of any diamond and/or gold warranty service agreements, attached hereto and incorporated by reference. Buy
cepted in its (their) present condition the following:

| QUANTITY | STOCK NUMBER | DESCRIPTION | LIST PRICE | TRADE IN VALUE |
|---|---|---|---|---|
| 1 | 650390 | FNCYRG.95CTP.SH HI/I  0095 14Y | 2749.00 | |
| | | | TOTALS  0.00 | |

**Statement of Insurance (California)**

Credit Life Insurance will pay the outstanding balance of Buyer's indebtedness in the event of the death of the insured; credit disability insurance will pay installments payable while the insured is disabled; property insurance will pay the replacement cost of goods purchased hereunder in the event of their loss.

Neither credit life, nor credit disability, nor property insurance is required, nor is the purchase of any insurance a factor in Seller's approval or denial of credit. If such insurance is purchased, Buyer may obtain such insurance from an insurer of Buyer's choice. No insurance coverage is provided unless its box is checked, charged, and therefore noted below and under 2a at right. All insurance is for the term of the loan. Said insurance will be procured by Seller.

**Coverage**

| | I do not desire | desire | | premium |
|---|---|---|---|---|
| [X] | [X] | | Credit Life Insurance | $ 9.73 |
| [X] | [X] | | Credit Disability Insurance | $ 34.10 |
| [X] | [X] | | Property Insurance | $ 109.85 |
| | | | | 0.00 |

TOTAL OF PREMIUMS for Insurance Coverage Financed for Buyer (Insert in item 2a)    $ 153.68

**Application of Buyer**
You are applying for the insurance marked above. Your signature below means you agree that:
1. You are not eligible to enroll for either credit life or credit disability insurance if you have reached your 65th birthday.
2. You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the coverage effective date as provided within the disability insurance certificate.
3. Your co-borrower is not eligible for life or disability insurance.
4. You understand that the above checked insurance is optional.
5. You want to purchase the above checked insurance and you received a copy of the insurance policy.

Date _____ Primary Buyer's Signature _____ Date of Birth _____

## ITEMIZATION OF THE AMOUNT FINANCE

1. **CASH PRICE AND TAX**
   a. Merchandise Price .................... $ 1299.00
   b. Diamond Warranty .................... $ 100.00
   c. Gold Warranty ....................... $ 0.00
   d. Other Services ...................... $ 0.00
   e. Total Merchandise and Services
   f. Sales Tax ........................... 
   g. TOTAL CASH PRICE .................... $ 100.67
2. **AMOUNT PAID TO OTHERS ON YOUR BEHALF**
   a. Insurance Premiums .................. $ 153.68
   b. TOTAL AMOUNT PAID TO OTHERS ON YOUR BEHALF
3. SUBTOTAL (1g + 2b)
4. **DOWNPAYMENT AND TRADE-IN**
   a. Cash Downpayment .................... $ 150.00
   Trade-In Description/Value
      _____ $ _____
      _____ $ _____
      2                       $ _____
   b. Total Trade-In Value ................ $ 0.00
   c. Sales Tax Credit .................... $ 0.00
   d. TOTAL DOWNPAYMENT AND TRADE-IN (4a+4b+4c)
5. UNPAID BALANCE OF THIS PURCHASE (3 - 4d)
6. **EXISTING ACCOUNT BALANCE**
   a. Outstanding Balance to be Consolidated $ 315.12
   b. Rebate of Unearned Finance Charge .... $ 6.17
   c. Rebate of Unearned Insurance Premiums  $ 4.04
   d. Rebate of Diamond Warranty ........... $ _____
   e. Rebate of Gold Warranty .............. $ _____
   f. NET ACCOUNT BALANCE TO BE CONSOLIDATED (6a - 6b - 6c - 6d - 6e)
7. UNPAID BALANCE/AMT FINANCED/PRINCIPAL BALANCE (5+6F)
8. **FINANCE CHARGE:**
   a. Interest
   b. Origination fee
9. TIME BALANCE (TOTAL OF PAYMENTS)
10. The Time Balance (total of payment) is payable in 17 installm
    $ 119.00 each, payable on the 03 day of each m
    commencing on 12/03/2000 and a final installm
    $ 114.08 payable on 04/28/2002

**NOTICE TO THE BUYER:** (1) Do not sign this Agreement before you read it or if it contains any blank spaces to be filled in. (2
entitled to a completely filled-in copy of this Agreement. (3) You can prepay the full amount due under this Agreement at any time a
a partial refund of the finance charge if it is $1 or more. Because of the way the amount of this refund will be figured, the time
prepay could increase the ultimate cost of credit under this Agreement. (4) If you desire to pay off in advance the full amount due, th
of the refund you are entitled to, if any, will be furnished upon request.
BUYER ACKNOWLEDGES RECEIPT OF A TRUE COPY OF THIS AGREEMENT, WHICH HAS BEEN COMPLETELY FI
PRIOR TO BUYER'S EXECUTION HEREOF, AND ALSO A TRUE COPY OF ANY OTHER DOCUMENTS SIGNED BY BU
REQUESTED OR REQUIRED BY SELLER, DURING THE AGREEMENT NEGOTIATIONS.

BUYER'S SIGNATURE _____ DATE 11-03-00    BUYER'S SIGNATURE X _____ DATE _____
I RECEIVED A COPY OF THE DIAMOND AND/OR GOLD WARRANTY TERMS AND CONDITIONS
X _____

NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORM

EXHIBIT 2 PAGE 9

**NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION**

**NOTICE**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE D
COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PRO
HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HERE

Security interest has been granted to Bank of America, N.A. as collateral agent in all of Seller's rights, title and interest he

1. **DEFAULT:** If Buyer defaults in the performance of Buyer's obligations hereunder, including, but not limited to, the makir payment provided herein when due and payable, or if Buyer dies or becomes insolvent, or if a bankruptcy or similar proc commenced by or against Buyer, or if any attachment or garnishment proceedings are initiated against Buyer, Seller may, e sole option and without notice, declare the entire unpaid balance immediately due and payable, and, to the extent permitted by A Law, repossess the merchandise which has not been paid in full. Buyer agrees that each of the events of default listed herein c reasonable cause for Seller to accelerate maturity. In the event of acceleration, Buyer may be entitled to a rebate of unearne charges, unearned insurance premiums, and/or unearned warranty premiums, according to Applicable Law. Buyer agrees to pay incurred by Seller in collecting the indebtedness under this Agreement. In any legal action initiated under this Agreement, the party shall be entitled to recover reasonable attorneys' fees and costs. Buyer agrees to pay all actual and reasonable costs in Seller due to the removal of goods from the State of California without written permission of Seller, or by the failure of Buye Seller of any change of residence or the failure of Buyer to communicate with Seller for a period of 45 days after any default payments. If any check delivered by Buyer in payment of its obligations is returned unpaid upon its first presentation, Seller m Buyer a return check charge of $15. Waiver of any default shall not be a waiver of any other default.

2. **REBATE FOR PREPAYMENT:** Upon (i) prepayment in full or (ii) satisfaction of the indebtedness created hereby prior t through sale of the collateral or redemption thereof after repossession or of any judgment, Buyer is entitled to a rebate of the portion of any insurance premium indicated on the reverse hereof, if this insurance was purchased from Seller, and also to a refund credit of the unearned portion of the FINANCE CHARGE determined by the Rule of 78's. Notwithstanding the above, of this Agreement is greater than 61 months, Seller will determine the refund according to the actuarial method. Where the the rebate is less than $1.00, no rebate will be made.

3. **SECURITY INTEREST:** Seller retains a security interest in the goods purchased from Seller pursuant to this Agreement, from insurance premiums or policies provided for in this Agreement, all rebates from warranties financed u Agreement and all proceeds of the foregoing, until all of Buyer's obligations under this Agreement are paid and p

4. **SUBSEQUENT PURCHASES:** Seller, at its option, may add subsequent purchases made by Buyer to the terms of this A The unpaid balance under this Agreement shall be increased by the price of such subsequent purchases, and all FINANCE C and installment payments shall be increased proportionately. The goods purchased under this Agreement shall be security for purchased under the subsequent Agreement as allowed by Applicable Law, but only until such time as the total of payments Agreement is fully paid. The terms of this Agreement shall be applicable to subsequent purchases made by Buyer from time is the intent of Buyer and Seller that Seller retain a purchase money security interest in the goods sold hereunder, as well as in sold under any previous agreement(s) being consolidated into this Agreement. Payments on prior and subsequent purcha allocated at the discretion of Seller or as provided by Applicable Law.

5. **OBLIGATIONS OF BUYER:** No transfer, renewal, extension, or assignment of this Agreement, nor any loss or destruction to, any of said goods shall release Buyer from Buyer's obligations hereunder. Buyer shall keep said goods free of all liens, encumbrances.

6. **WHOLE AGREEMENT:** This Agreement embodies the whole agreement between these parties, and Buyer agrees that no repi warranty or guaranty has been made to Buyer which is not expressly set forth herein.

7. **TIME OF THE ESSENCE/SEVERABILITY:** Time is of the essence in connection with this Agreement. If any part or provi is contrary to the provision of law in any state wherein this Agreement may be executed, the remaining provisions shall be t effective nevertheless.

8. **TRANSFER OF INTEREST/RETURN OF MERCHANDISE:** Buyer agrees not to transfer any interest in the goods fi transfer any interest in this Agreement without Seller's prior written consent. If Buyer transfers his or her interest in the goo Buyer agrees to remain liable under this Agreement until such time as a written release of liability is issued by Seller. Buyer to make any material change to the goods without Seller's prior written consent. Buyer acknowledges that Seller's policy pro of the goods financed after 30 days. Buyer acknowledges that he or she will remain liable for the goods purchased under this until such time as Seller determines that Buyer has complied with Seller's return policy as enumerated within the guidel

9. **ASSIGNMENT:** The term "Seller" shall be deemed to include any assignee or subsequent holder of this Agreement, a and benefits accruing to Seller under the terms hereof shall also accrue to Seller's assignee or any subsequent holder or

10. **APPLICABLE LAW:** This Agreement shall be construed in accordance with and governed by the laws of the State ( without regard to conflict or choice of law, rules or principles ("Applicable Law").

11. **SHARING INFORMATION WITH AFFILIATES AND OTHERS:** As permitted by Applicable Law, Seller may share with information about Seller's experiences or transactions with Buyer. Seller also may share additional information with compa to Seller by common ownership or affiliated with Seller by common control ("affiliates"). Buyer may direct Seller not to share affiliates any information other than information about Seller's experiences or transactions with Buyer by writing to Seller Jewelers, Inc., P.O. Box 30728, Oakland, California 94604.

12. **NOTICE OF INACCURATE INFORMATION:** If Buyer believes that Seller has information about Buyer that is inaccurate has reported or may report to a credit reporting agency information about Buyer that is inaccurate, please notify Seller of information that Buyer believes is inaccurate by writing to Seller at Crescent Jewelers, Inc., P.O. Box 30728, Oakland, Califi

13. **CREDIT REPORTS:** As required by law, you are hereby notified that a negative credit report reflecting on your credit be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

EXHIBIT 2  PAGE 10

| BUYER NAME & ADDRESS | | SOLD BY: Crescent Jwlrs - P. El Cajon CA 920** 619/442-8859 | | NO: 23-2-44773 7:22p |
|---|---|---|---|---|
| GARY D WHI** 9220 KENWOOD DR Apt: K SPRING VALLEY CA 91977 | | | PHONE NO. 619-479-3696 | 05/01/0 CONT |
| | | ACCT. NO. 23202001352 | CREDIT APPROVAL CA10BGEG | NEW SALE ADD ON SALE RE XX |

| ANNUAL PERCENTAGE RATE the cost of your credit as a yearly rate | FINANCE CHARGE the dollar amount your credit will cost you | Amount Financed the amount of credit provided to you or on your behalf | Total of Payments the amount you will have paid after you have made all payments as sched** | Total Sale P the total cost of y on credit, includ down payment |
|---|---|---|---|---|
| 21.90 % | $ 1235.13 | $ 5080.51 | 6315.64 | 300.0 $ 6615.6 |

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE | |
|---|---|---|---|
| 23 | 264.00 | MONTHLY BEGINNING | 06/01/01 |
| 1 | 243.64 | | 04/22/03 |

SECURITY: You are giving a security interest in:
[ ] the goods being purchased.   X [ ] the goods purchased under previous contract(s) with Seller.

LATE CHARGE: If a payment is at least 10 days late, you will be charged up to $10.00. If a payment is at least 15 days late, you will be charged up to $1** You will only be charged one late fee per late installment.
PREPAYMENT: If you pay off early you may be entitled to a rebate of part of the Finance Charge.
See your contract documents for any additional information about nonpayment, default, the right to accelerate the maturity of the debt, and prepayment refunds and **

All persons who sign this Agreement as Buyer or Co-Buyer, jointly and severally ("Buyer"), acknowledge that Buyer has been quoted the cash price and the price of credit s** Buyer agrees to purchase from and to pay to Crescent Jewelers, Inc. ("Seller") the amount shown under Total Sale Price above. Such agreement to pay to Seller is under the te** the face and back of this Agreement, as well as on the terms of any diamond and/or gold warranty service agreements, attached hereto and incorporated by reference. Buyer has accepted in its (their) present condition the following:

| QUANTITY | STOCK NUMBER | DESCRIPTION | LIST PRICE | TRADE IN VALUE | A |
|---|---|---|---|---|---|
| 1 | 650390 | FNCYRG.**TP.SH HI/I 14Y | 2749.00 | 1299.00 | |
| 1 | 577932 | ANVRG1**WPC.50TWIJ/I M14Y | 1199.00 | 499.00 | |
| 1 | **** | **** .5CII/I MEMO 1500 14Y | 8499.00 | 4299.00 | |
| | | TOTALS | 0.00 | 3499.00 | |

**Statement of Insurance** (California)

Credit Life Insurance will pay the outstanding balance of Buyer's indebtedness in the event of the death of the insured; credit disability insurance will pay installments payable while the insured is disabled; property insurance will pay the replacement cost of goods purchased hereunder in the event of their loss.

Neither credit life, nor credit disability, nor property insurance is required, nor is the purchase of any insurance a factor in Seller's approval or denial of credit. If such insurance is purchased, Buyer may obtain such insurance from an insurer of Buyer's choice. No insurance coverage is provided unless its box is checked, charged, and therefore noted below and under 2a at right. All insurance is for the term of the loan. Said insurance will be procured by Seller.

Coverage
I      I do not
desire  desire
[ ] [ ] Credit Life Insurance          0.00
[ ] [ ] Credit Disability Insurance    0.00
[ ] [ ] Property Insurance             0.00
                                       0.00

TOTAL OF PREMIUMS & Insurance Coverage
Financed for Buyer (Insert in item 2a)      0.00

Application of Buyer
You are applying for the insurance marked above. Your signature below means you agree that:
1. You are not eligible to enroll for either credit life or credit disability insurance if you have reached your 65th birthday.
2. You are eligible for disability insurance only if you are working for wages or profit 30 hours a week or more on the coverage effective date as provided within the disability insurance certificate.
3. Your co-borrower is not eligible for life or disability insurance.
4. You understand that the above checked insurance is optional.
5. You want to purchase the above checked insurance and you received a copy of the insurance policy.

Date _____ Primary Buyer's Signature _____ Date of Birth

ITEMIZATION OF THE AMOUNT FINANCED
1. CASH PRICE AND TAX
   a. Merchandise Price           3499.00
   b. Diamond Warranty             200.00
   c. Gold Warranty                  0.00
   d. Other Services                 0.00
   e. Total Merchandise and Services  3699.00
   f. Sales Tax                     262.43
   g. TOTAL CASH PRICE             3961.43
2. AMOUNT PAID TO OTHERS ON YOUR BEHALF
   a. Insurance Premiums              0.00
   b. TOTAL AMOUNT PAID TO OTHERS
      ON YOUR BEHALF                  0.00
3. SUBTOTAL (1g + 2b)              3961.43
4. DOWNPAYMENT AND TRADE-IN
   a. Cash Downpayment              300.00
   Trade-In Description/Value
   BGEG36                           $_____
                                    $_____
   b. Total Trade-In Value            0.00
   c. Sales Tax Credit                0.00
   d. TOTAL DOWNPAYMENT AND TRADE-IN (4a+4b+  300.00
5. UNPAID BALANCE OF THIS PURCHASE (3 - 4d)  3661.43
6. EXISTING ACCOUNT BALANCE
   a. Outstanding Balance to be Consolidated  1636.44
   b. Rebate of Unearned Finance Charge       207.36
   c. Rebate of Unearned Insurance Premiums     0.00
   d. Rebate of Diamond Warranty              $_____
   e. Rebate of Gold Warranty                 $_____
   f. NET ACCOUNT BALANCE TO BE
      CONSOLIDATED (6a - 6b - 6c - 6d - 6e)  1419.08
7. UNPAID BALANCE/AMT FINANCED/PRINCIPAL BALANCE  5080.51
8. FINANCE CHARGE:                           1235.13
   a. Interest                               $_____
   b. Origination fee                        $_____
9. TIME BALANCE (TOTAL OF PAYMENTS)          6315.64
10. The Time Balance (total of payment) is payable in _____ installment**
    264.00 _____ each, payable on the 01 _____ day of each mont**
    commencing 06/01/2001 _____ and a final installment
    243.64 _____ payable on 04/22/2003 _____

NOTICE TO THE BUYER: (1) Do not sign this Agreement before you read it or if it contains any blank spaces to be filled in. (2) Y** entitled to a completely filled-in copy of this Agreement. (3) You can prepay the full amount due under this Agreement at any time and a partial refund of the finance charge if it is $1 or more. Because of the way the amount of this refund will be figured, the time wh** prepay could increase the ultimate cost of credit under this Agreement. (4) If you desire to pay off in advance the full amount due, the a** of the refund you are entitled to, if any, will be furnished upon request.

BUYER ACKNOWLEDGES RECEIPT OF A TRUE COPY OF THIS AGREEMENT, WHICH HAS BEEN COMPLETELY FILL** PRIOR TO BUYER'S EXECUTION HEREOF, AND ALSO A TRUE COPY OF ANY OTHER DOCUMENTS SIGNED BY BUY** REQUESTED OR REQUIRED BY SELLER, DURING THE AGREEMENT NEGOTIATIONS.

| BUYER'S SIGNATURE X | DATE | BUYER'S SIGNATURE X | DATE |
|---|---|---|---|
| I RECEIVED A COPY OF THE ** AND ** FOR GOLD WARRANTY TERMS AND CONDITIONS X | | NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMA** | |

EXHIBIT 3   PAGE 11

NOTE: SEE OTHER SIDE FOR IMPORTANT INFORMATION

## NOTICE

NY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR OULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS EREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

ecurity interest has been granted to Bank of America, N.A. as collateral agent in all of Seller's rights, title and interest hereunder.

**DEFAULT:** If Buyer defaults in the performance of Buyer's obligations hereunder, including, but not limited to, the making of any iyment provided herein when due and payable, or if Buyer dies or becomes insolvent, or if a bankruptcy or similar proceeding is ommenced by or against Buyer, or if any attachment or garnishment proceedings are initiated against Buyer, Seller may, at Seller's le option and without notice, declare the entire unpaid balance immediately due and payable, and, to the extent permitted by Applicable w, repossess the merchandise which has not been paid in full. Buyer agrees that each of the events of default listed herein constitutes asonable cause for Seller to accelerate maturity. In the event of acceleration, Buyer may be entitled to a rebate of unearned finance arges, unearned insurance premiums, and/or unearned warranty premiums, according to Applicable Law. Buyer agrees to pay all costs curred by Seller in collecting the indebtedness under this Agreement. In any legal action initiated under this Agreement, the prevailing rty shall be entitled to recover reasonable attorneys' fees and costs. Buyer agrees to pay all actual and reasonable costs incurred by ller due to the removal of goods from the State of California without written permission of Seller, or by the failure of Buyer to notify ller of any change of residence or the failure of Buyer to communicate with Seller for a period of 45 days after any default in making yments. If any check delivered by Buyer in payment of its obligations is returned unpaid upon its first presentation, Seller may charge yer a return check charge of $15. Waiver of any default shall not be a waiver of any other default.

**REBATE FOR PREPAYMENT:** Upon (i) prepayment in full or (ii) satisfaction of the indebtedness created hereby prior to maturity rough sale of the collateral or redemption thereof after repossession or of any judgment, Buyer is entitled to a rebate of the unearned rtion of any insurance premium indicated on the reverse hereof, if this insurance was purchased from Seller, and also to a rebate or fund credit of the unearned portion of the FINANCE CHARGE determined by the Rule of 78's. Notwithstanding the above, if the term this Agreement is greater than 61 months, Seller will determine the refund according to the actuarial method. Where the amount of e rebate is less than $1.00, no rebate wil be made.

**SECURITY INTEREST:** Seller retains a security interest in the goods purchased from Seller pursuant to this Agreement, all rebates om insurance premiums or policies provided for in this Agreement, all rebates from warranties financed under this greement and all proceeds of the foregoing, until all of Buyer's obligations under this Agreement are paid and performed.

**SUBSEQUENT PURCHASES:** Seller, at its option, may add subsequent purchases made by Buyer to the terms of this Agreement. e unpaid balance under this Agreement shall be increased by the price of such subsequent purchases, and all FINANCE CHARGES d installment payments shall be increased proportionately. The goods purchased under this Agreement shall be security for the goods rchased under the subsequent Agreement as allowed by Applicable Law, but only until such time as the total of payments under this greement is fully paid. The terms of this Agreement shall be applicable to subsequent purchases made by Buyer from time to time. It the intent of Buyer and Seller that Seller retain a purchase money security interest in the goods sold hereunder, as well as in the goods ld under any previous agreement(s) being consolidated into this Agreement. Payments on prior and subsequent purchases will be located at the discretion of Seller or as provided by Applicable Law.

**OBLIGATIONS OF BUYER:** No transfer, renewal, extension, or assignment of this Agreement, nor any loss or destruction of, or injury , any of said goods shall release Buyer from Buyer's obligations hereunder. Buyer shall keep said goods free of all liens, taxes, and cumbrances.

**WHOLE AGREEMENT:** This Agreement embodies the whole agreement between these parties, and Buyer agrees that no representation, arranty or guaranty has been made to Buyer which is not expressly set forth herein.

**TIME OF THE ESSENCE/SEVERABILITY:** Time is of the essence in connection with this Agreement. If any part or provision hereof contrary to the provision of law in any state wherein this Agreement may be executed, the remaining provisions shall be binding and fective nevertheless.

**TRANSFER OF INTEREST/RETURN OF MERCHANDISE:** Buyer agrees not to transfer any interest in the goods financed nor ansfer any interest in this Agreement without Seller's prior written consent. If Buyer transfers his or her interest in the goods financed, uyer agrees to remain liable under this Agreement until such time as a written release of liability is issued by Seller. Buyer agrees not make any material change to the goods without Seller's prior written consent. Buyer acknowledges that Seller's policy prohibits return the goods financed after 30 days. Buyer acknowledges that he or she will remain liable for the goods purchased under this Agreement til such time as Seller determines that Buyer has complied with Seller's return policy as enumerated within the guidelines above.

**ASSIGNMENT:** The term "Seller" shall be deemed to include any assignee or subsequent holder of this Agreement, and all rights d benefits accruing to Seller under the terms hereof shall also accrue to Seller's assignee or any subsequent holder or assignees.

0. **APPLICABLE LAW:** This Agreement shall be construed in accordance with and governed by the laws of the State of California ithout regard to conflict or choice of law, rules or principles ("Applicable Law").

1. **SHARING INFORMATION WITH AFFILIATES AND OTHERS:** As permitted by Applicable Law, Seller may share with third parties formation about Seller's experiences or transactions with Buyer. Seller also may share additional information with companies related Seller by common ownership or affiliated with Seller by common control ("affiliates"). Buyer may direct Seller not to share with Seller's ffiliates any information other than information about Seller's experiences or transactions with Buyer by writing to Seller at Crescent ewelers, Inc., P.O. Box 30728, Oakland, California 94604.

2. **NOTICE OF INACCURATE INFORMATION:** If Buyer believes that Seller has information about Buyer that is inaccurate or that Seller as reported or may report to a credit reporting agency information about Buyer that is inaccurate, please notify Seller of the specific formation that Buyer believes is inaccurate by writing to Seller at Crescent Jewelers, Inc., P.O. Box 30728, Oakland, California 94604.

3. **CREDIT REPORTS:** As required by law, you are hereby notified that a negative credit report reflecting on your credit record may e submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.



EXHIBIT 3   PAGE 12